UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

K<small>ENDELL</small> D. M<small>EEKS</small>,

    Plaintiff,

                                            Hon. Jane M. Beckering

v.

                                            Case No. 1:24-cv-1001

C<small>OMMISSIONER OF</small> S<small>OCIAL</small>
S<small>ECURITY</small>,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on the parties' Stipulation and Proposed Order for Attorney Fees Under the Equal Access to Justice Act. (ECF No. 19). The Court recently remanded this matter for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff's counsel now seeks $4,200.00 in fees. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the stipulation and proposed order be granted.

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Here, the undersigned finds the requested hourly rate is reasonable. *See Belanger v. Commissioner of Social Security*, Case No. 2:20-cv-9, Opinion and Order, ECF No. 28 (W.D. Mich.) (finding that inflation and cost-of-living increases supported increasing the hourly EAJA rate from $175 to $204.75). In addition, the undersigned has reviewed the itemized statement of time (ECF No. 19-1) and finds that the 20.8 hours Plaintiff's attorney spent on this case is reasonable. Accordingly, the undersigned recommends that EAJA fees be awarded in the amount of four thousand two hundred dollars ($4,200.00). The awarded fees should be payable to Plaintiff, but if Plaintiff does not owe a debt subject to offset and has transferred her right to said fees to her attorney, then payable to her attorney.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that the Stipulation and Proposed Order for Attorney Fees Under the Equal Access to Justice Act (ECF No. 19) be granted. Specifically, the undersigned recommends that Plaintiff be awarded four thousand two hundred dollars ($4,200.00) pursuant to the EAJA.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: May 19, 2025                                  /s/ Phillip J. Green
                                                                                PHILLIP J. GREEN
                                                                                United States Magistrate Judge